United States District Court
Southern District of Texas
**ENTERED**
December 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2524 |
| | § | |
| REAL PROPERTY LOCATED IN LOS | § | |
| ANGELES, CALIF. COMMONLY | § | |
| KNOWN AS 755 SARBONNE ROAD, | § | |
| LOS ANGELES, CA 90077, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Claimant Sarbonne Estate, Inc. (SEI), the owner of the real property at issue in this *in rem* civil forfeiture case, moves to dismiss the action on jurisdictional and venue-based grounds. This Court orally denied SEI's Motion to Dismiss at the November 24, 2020, Motion Hearing. (*See* Minute Entry of November 24, 2020.) The Court now writes to set out the reasons for its denial.

### I.   BACKGROUND

This case arises out of an alleged bribery scheme perpetrated by a Nigerian businessman. After an investigation into that scheme, the Government initiated civil forfeiture actions against property alleged to have been obtained through the scheme, including a luxury yacht and certain luxury real estate. *See, e.g.*, *United States v. M/Y Galactica Star et al.*, No. 4:17-cv-2166 (S.D. Tex. 2017) (Ellison, J.).

The property at issue in this case—755 Sarbonne Road, Los Angeles—is another estate allegedly obtained through the bribery scheme. (Doc. 19 at 2.) The property is currently held by SEI, which the Government alleges is essentially a shell company operating on behalf of the beneficiaries of the bribery scheme. (Doc. 19 at 2.)

1

In April, apparently anticipating the initiation of this forfeiture case, SEI filed a quiet-title action against the Government in the Central District of California. *Sarbonne Estate, Inc. v. United States*, No. 2:20-cv-4081 (C.D. Cal. 2020). The Government moved to dismiss that case, and its motion remains pending. (Doc. 19 at 3.)

Meanwhile, in July, the Government brought this civil forfeiture action against the 755 Sarbonne Road property. (Doc. 1.) In September, SEI filed a claim of interest in this action. (Doc. 12.) SEI's Motion to Dismiss, at issue here, followed.

## II.   DISCUSSION

Each of the grounds upon which SEI urges dismissal concern jurisdiction and venue.[1] For that reason, the Court briefly sets out the law governing jurisdiction and venue in *in rem* civil forfeiture cases; it then turns to SEI's proffered reasons for dismissal.

### A.   Jurisdiction and Venue in *In Rem* Civil Forfeiture Cases

Since 1992, jurisdiction and venue in *in rem* cases have been controlled by amended 28 U.S.C. § 1355. That statute provides in relevant part:

> (a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
>
> (b)(1) A forfeiture action or proceeding may be brought in—
>
> (A) the district court for the district in which any of the acts or omissions

---

[1] In its original Motion to Dismiss, SEI also contended that this case should be dismissed because the civil forfeiture statutes under which the Government initiated the action are unconstitutional under the Due Process Clause. (Doc. 17 at 15–18.) SEI did not revisit that argument in its Reply Brief, nor did it address it at the Motion Hearing. To the extent the argument remains live, the Court notes that the Fifth Circuit has repeatedly upheld the constitutionality of the statutes that SEI challenges here. *See, e.g.*, *United States v. Reed*, 908 F.3d 102, 127 (5th Cir. 2018); *United States v. Melrose E. Subdivision*, 357 F.3d 493, 499 (5th Cir. 2004). Thus, SEI's argument is best directed to that court or to the Supreme Court.

2

giving rise to the forfeiture occurred . . . .

28 U.S.C. § 1355(a)–(b).

As the Fifth Circuit has recognized, this statute governs both jurisdiction and venue in *in rem* cases. *See United States v. Real Property Known as 200 Acres of Land*, 773 F.3d 654, 658 (5th Cir. 2014). As to jurisdiction, § 1355(a) provides that district courts have "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any fine, penalty or forfeiture." And as to venue, § 1355(b) provides that such an action "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

Under these rules, both jurisdiction and venue would appear unproblematic in this case. As to jurisdiction, this Court is most certainly a "district court[]." And as to venue, the Complaint plausibly alleges that certain "acts"—specifically, the purchase of luxury furniture used as bribes in the scheme—occurred in Houston and thus in this District. (Doc. 1 at 18–20.) Those facts would seem to dispose of the issues raised in SEI's Motion to Dismiss.

### B. SEI's Arguments

Yet SEI strenuously urges that neither jurisdiction nor venue are proper in this Court. In particular, it contends that: (1) this Court lacks *in rem* jurisdiction, either because of non-compliance with the obscure Supplemental Rule of Civil Procedure C(2) or the doctrine of prior exclusive jurisdiction; (2) venue is improper because "§ 1355(b) is not a venue statute" (Doc. 17 at 9); and (3) this Court lacks minimum contacts with both the *res* and SEI. The Court disagrees for the reasons below.

#### 1. *In rem* jurisdiction

SEI first argues that this Court lacks *in rem* jurisdiction. This argument comes in two modes. First, SEI invokes Supplemental Admiralty or Maritime Claims and Asset Forfeiture

3

Actions Rule of Civil Procedure C, which is entitled "*In Rem* Actions: Special Provisions." The specific provision of Supplemental Rule C that SEI relies on provides that: "In an action *in rem* the complaint must: . . . state that the property is within the district or will be within the district while the action is pending." Fed. R. Civ. P. Supp. Adm. & Mar. Claims C(2)(c). Despite a substantial number of clues that this Rule does not govern real property *in rem* civil forfeiture cases—including that Rule C(2) contemplates property moving between judicial districts, that other portions of Rule C refer specifically to "vessel[s]," *e.g. id.* at Rule C(3)(b), and that neither SEI nor the Court has found a single real property case to which it has been applied—SEI insists that this Rule trumps § 1355(b) and defeats the Court's jurisdiction.

The Court disagrees. Rather, as the Government contends, if any of the Supplemental Rules govern this case, it is Supplemental Rule G, which is entitled "Forfeiture Actions *In Rem*." Supplemental Rule G "governs a forfeiture action *in rem* arising from a federal statute" and specifically provides that Supplemental Rule C only governs forfeiture actions *in rem* "[t]o the extent that [Rule G] does not address an issue." Fed. R. Civ. P. Supp. Adm. & Mar. Claims G(1). And Supplemental Rule G indeed addresses the issue in dispute here, of what an *in rem* forfeiture complaint must state. To wit, it provides that a complaint must:

> (a) be verified;
>
> (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;
>
> (c) describe the property with reasonable particularity;
>
> (d) if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed;
>
> (e) identify the statute under which the forfeiture action is brought; and
>
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. Adm. & Mar. Claims Rule G(2).

These provisions plainly "address [the] issue" of what a complaint in an *in rem* forfeiture action must state, obviating the need for any reference to Supplemental Rule C(2)'s provisions governing the same issue. Indeed, further evidence that Supplemental Rule G should apply to this case can be found in Supplemental Rule G(3)(a), which expressly contemplates a case in which "the defendant is real property." By contrast, and as noted, Supplemental Rule C is littered with indicators, express and implied, that it is written to govern ship seizure actions. *See, e.g.*, Fed. R. Civ. P. Supp. Adm. & Mar. Claims C(1) ("When Available. An action *in rem* may be brought: (a) To enforce any *maritime lien*; (b) Whenever a statute of the United States provides for a *maritime action in rem* or a proceeding *analogous thereto*." (emphasis added)). Unsurprisingly, then, SEI can cite only admiralty cases in which Supplemental Rule C(2) was enforced. (*See* Doc. 17 at 6.) Because it is Supplemental Rule G that governs this action, SEI's Supplemental Rule C-based argument must be rejected.

SEI's second jurisdictional argument has more bite. SEI invokes the doctrine of "prior exclusive jurisdiction," which forbids a court from exercising *in rem* jurisdiction over a *res* over which a different court has already assumed jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). As SEI points out, its quiet-title action concerning the *res* at issue here was filed in the Central District of California several months before this case and thus would preclude this Court's jurisdiction if jurisdiction is proper in that court. The Government correctly responds, however, that it has filed a pending Motion to Dismiss in that court that raises colorable challenges to its jurisdiction. Thus, the Court agrees with the Government that the proper course is to deny SEI's Motion to Dismiss without prejudice, and allow SEI to refile its Motion to Dismiss should it obtain a favorable ruling as to jurisdiction in the Central District of California.

5

### 2. Venue

SEI next urges that venue is not proper in this Court. Its argument turns on the proposition that "§ 1355(b) is not a venue statute." (Doc. 17 at 9.) This argument runs aground on the Fifth Circuit's observation that "28 U.S.C. §[] 1355(b) . . . specifically clarified venue requirements in civil forfeiture cases." *Real Property Known as 200 Acres of Land*, 773 F.3d at 658. And it also parts company from the numerous other courts of appeals that have concluded, often summarily, that § 1355(b) governs venue in cases like this one. *United States v. Obaid*, 971 F.3d 1095, 1105 (9th Cir. 2020); *United States v. Batato*, 833 F.3d 413, 419 (4th Cir. 2016); *Contents of Account Number 03001288 v. United States*, 344 F.3d 399, 403 (3d Cir. 2003) ("§ 1355(b) . . . provides for venue."); *United States v. All Funds on Deposit in any Accounts Maintained in Names of Meza or De Castro*, 63 F.3d 148, 151 (2d Cir. 1995) ("Section 1355(b) addresses venue in forfeiture actions."). For the reasons set forth in those decisions, and because the Fifth Circuit has already determined that § 1355(b) governs "venue requirements in civil forfeiture cases," the Court rejects SEI's venue argument.

### 3. Minimum Contacts and Personal Jurisdiction

Finally, SEI argues that the "minimum contacts" test set out in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), must be met—regarding the *res* or, worse, any potential claimants—in an *in rem* forfeiture case.[2] This argument has been rejected repeatedly. Indeed, the Fifth Circuit has noted that where a court has *in rem* jurisdiction to grant a particular form of relief, "*in personam* jurisdiction . . . [is] not necessary for that purpose." *Conlon by Conlon v. Heckler*, 719 F.2d 788, 798 (5th Cir. 1983). And the other Courts of Appeals to address the issue have

---

[2] The "minimum contacts" argument is raised as to the *res* in the course of SEI's Supplemental Rule C argument and then revisited for the contention that this Court must have personal jurisdiction over SEI. (Doc. 17 at 11, 18.)

agreed. *Obaid*, 971 F.3d at 1102–03; *Huntress v. Huntress' Estate*, 235 F.2d 205, 208 (7th Cir. 1956) (finding it "obvious" that "it is not necessary to have personal jurisdiction" where "the action is not one *in personam* but one *in rem*").

SEI suggests that *Shaffer v. Heitner*, 433 U.S. 186 (1977) requires that the "minimum contacts" test be applied both to the *res* and to it. But SEI does not satisfyingly address the fact that *Shaffer* was a *quasi in rem* case, not an *in rem* case. *Id.* at 196. Nor does it address the fact, even more problematic for its argument, that the Supreme Court held in *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604 (1990), that the "holding in *Shaffer* [was] limited to *quasi in rem* jurisdiction." *Id.* at 630 (Brennan, J., concurring in the judgment). Other courts have since made the same distinction. *Obaid*, 971 F.3d at 1101. SEI urges the Court to instead follow Judge Ikuta's dissent in *Obaid*, which concluded that "*Shaffer* requires the district court to apply the minimum contacts framework to each person who claims ownership of the property." *Id.* at 1110 (Ikuta, J., dissenting). But the Court declines the invitation and, in keeping with the other courts to have considered the issue, holds that the "minimum contacts" test applies neither to the *res* nor to any claimants in a case like this one. Rather, the jurisdictional inquiry here begins and ends with § 1355(b). SEI cannot seriously contend that § 1355(b) is not satisfied in this case, and therefore its Motion to Dismiss must be denied.

### III. CONCLUSION

In sum, the Court **DENIES** SEI's Motion to Dismiss. That denial is without prejudice as to SEI's argument regarding prior exclusive jurisdiction, which it may renew in the case of a favorable ruling from the Central District of California.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 4th day of December 2020.

7

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE